IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TORA LAKEITH RUSSELL | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-171 |
| MERISSA JACKSON, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Tora Lakeith Russell, an inmate currently confined at the Mark Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Merissa Jackson, TDCJ-ID Regional Director, TDCJ-CID, Bryan Collier, Executive Director, and Inmate Roscoe Pettus.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff filed the above-referenced complaint on March 21, 2022 (Doc. # 3). Plaintiff's complaint revolves around an assault by Inmate Roscoe Pettus on March 19, 2019, where he alleged Inmate Pettus stabbed him. *Id*. While Plaintiff listed Defendants Jackson, TDCJ and Collier as Defendants on the cover page of his complaint, he provided no factual allegations regarding these Defendants when required to identify the parties to the suit. *Id*. For relief, Plaintiff requests that he be pardoned and/or granted clemency and seeks $10,000,000.00 in damages. *Id*. In light of the foregoing, the undersigned entered an Order to Replead, requiring Plaintiff to provide a short

statement of each Defendants' personal involvement in any alleged constitutional violation as it related to the assault by inmate Pettus. Order to Replead (Doc. # 8). The Order also required Plaintiff to specify whether he was suing the Defendants in their individual and/or official capacities. *Id*.

Plaintiff responded to the Order to Replead on May 9, 2022 stating the following:

1. Defendant, Maricia Jackson is the Regional Director of the State of Texas Department of Corrections. She is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Mark W. Stiles Unit where plaintiff is confined. Maricia Jackson is required to provide safe housing.

2. Yes, it is my intention to sue this individual in her official capacity.

3. Maricia Jackson, Regional Director, is required by the Fifth and Fourteenth Amendments of the United States Constitution to provide equal protection under the law and a safe environment in prison where plaintiff resides. She is legally responsible for the operation of the Mark W. Stiles Unit and for the welfare of all the inmates in prison.

4. The form of relief I seek from this Defendant is monetary damages in the amount of $10,000,000.0 ten million dollars and zero cents for the loss of plaintiffs [sic] gall bladder because of this stabbing event he had to endure while in prison and under the Defendants care and protection. Plaintiff has been irreparably injured by the conduct of an inmate Pettus and by Defendant and will continuously be unless this court grants the monetary damage and injunctive relief of providing safety which plaintiff seeks. Compensatory damages and injunctive relief sought.

Response to Order to Replead (Doc. 10).

Standard of Review

Plaintiff paid the full filing fee in this action on March 22, 2022. Section 1915A(a) requires the Court to screen a complaint, and section 1915A(b) provides for *sua sponte* dismissal of the

complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. After review of the complaint under these standards, the court concludes Plaintiff's claims must be dismissed.

## Analysis

1. *Statute of Limitations*

A complaint may be dismissed *sua sponte* under § 1915 when the complaint clearly demonstrates that the claims asserted are barred by the applicable statute of limitations. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). With respect to claims brought pursuant to § 1983, the relevant statute of the forum state furnishes the limitations period. *Spina v. Aaron*, 821 F.2d 1126, 1129 (5th Cir. 1987). However, federal law determines the date the action accrues and considers an action to have accrued when the plaintiff knows or has reason to know of the injury which forms the basis of the complaint. *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). The applicable statute of limitations under Texas law is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir.1990).

In this case, Plaintiff's claims accrued no later than March 19, 2019, the date Plaintiff alleges he was stabbed by Inmate Pettus. Clearly, Plaintiff had reason to know the injury which forms the

basis of his complaint in March of 2019. Since more than two years has elapsed between this date and the filing of Plaintiff's suit on March 21, 2022, this action is time-barred.

*2. Official Capacity Claims*

The Eleventh Amendment to the United States Constitution provides that, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign States." U.S. CONST. AMEND. 11. "Although by its terms the Amendment applies only to suits against a State by citizens of another State, . . . the Amendment's applicability [has been extended] to suits by citizens against their own States." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). The Supreme Court held in *Ex Parte Young* that the doctrine of sovereign immunity bars suit against a state agency because, in such a case, the State itself is the real party in interest. 209 U.S. 123 (1908). With few exceptions, such a lawsuit is barred whether it seeks damages or injunctive relief. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 1 (1984).

TDCJ is an agency of the State of Texas and is immune from suit under the Eleventh Amendment. *Harris v. Angelina County*, 31 F.3d 331, 338 (5th Cir. 1994) (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1136-37 & n. 75) (5th Cir. 1982) (dismissing claims against the Board of the predecessor of the TDCJ, because the Board was "merely an agency of the state"), *cert. denied*, 460 U.S. 1042 (1983); *Loya v. Texas Dept' of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989) (holding the predecessor to the TDCJ immune from suit under the Eleventh Amendment)). Plaintiff's claims against TDCJ, to the extent they still exist, are wholly barred by the Eleventh Amendment.[1]

---

[1] Plaintiff provided no factual details regarding his claims against TDCJ in response to the Order to Replead.

The Supreme Court has carved out an exception to Eleventh Amendment immunity, however. In *Ex parte Young*, the Court held that enforcement of an unconstitutional law is not an official act because a state can not confer authority on its officers to violate the Constitution or federal law. 209 U.S. 123 (1908). To meet the *Ex parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the State, and the relief sought must be declaratory or injunctive in nature and prospective in effect. *See Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992). While Plaintiff vaguely asserts a claim for injunctive relief, Plaintiff offers no specifics other than a broad request to provide him safety. Plaintiff, however, concedes in his Original Complaint that Inmate Pettus was "shipped off" the unit after he stabbed Plaintiff. Original Complaint, pg. 3 (Doc. # 3). Plaintiff offers no facts to support the claim that he is under risk of further attack at the Mark Stiles Unit. Plaintiff here has failed to plead sufficient facts to support a claim for prospective injunctive relief against either Defendant Jackson or Collier.

3. *Personal Involvement/Supervisory Liability*

The Fifth Circuit has held that supervisory officials are not liable under § 1983 unless "there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (citing *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985)). Supervisory liability can also result if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985) (quoting *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). Here again, Plaintiff offers

no factual allegations to support the personal involvement of either Defendant Jackson or Collier nor does Plaintiff allege a deficient policy.[2]

To the extent Plaintiff is suing these Defendants as supervisors, Plaintiff also fails to state a cause of action under 42 U.S.C. § 1983. Section 1983 does not create supervisory or *respondeat superior* liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). Moreover, under § 1983, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor may only be held liable if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dept' of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

As previously stated, Plaintiff does not allege Defendants Jackson and Collier were personally involved in any alleged constitutional violation. Plaintiff also does not allege these Defendants implemented a specific unconstitutional policy that somehow causally resulted in any alleged injury. Plaintiff's claims against Defendants Jackson and Collier in their individual capacity should be dismissed as there is no respondeat superior theory of liability in a § 1983 action.

---

[2]Plaintiff offered no specific facts regarding his claims against Defendant Collier in response to the Order to Replead.

5. *No State Actor*

Plaintiff also lists Inmate Pettus as a Defendant in this action. To state a claim under § 1983, however, a plaintiff must establish that a person acting under *color of state law* committed the acts which form the basis of the complaint. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis added). Clearly an inmate of the Texas Department of Criminal Justice, Correctional Institution Division, is not a person acting under the color of state law and Plaintiff's claims against him for any alleged violations of his constitutional rights under § 1983 should be dismissed as frivolous and for failure to state a claim.

## Recommendation

Plaintiff's civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for failure to state a claim as frivolous pursuant to 28 U.S.C. § 1915A.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*,* conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Serva. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 11th day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge