UNITED STATES DISTRICT COURT          EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| TORA LAKEITH RUSSELL, § <br> § <br> Plaintiff, § <br> § <br> versus § <br> § <br> MERISSA JACKSON, *et al.*, § <br> § <br> Defendants. § <br> § | CIVIL ACTION NO. 1:22-CV-171 |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Tora Lakeith Russell, an inmate confined at the Mark Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Merissa Jackson, TDCJ-ID, Regional Director, TDCJ-CID, Bryan Collier, Executive Director, and Inmate Roscoe Pettus.

The court has received and considered the Report and Recommendation of the magistrate judge filed pursuant to such order, along with the record, and pleadings (doc. # 11). Plaintiff filed Objections to the Report and Recommendation (doc. # 13) and a "Supplement to Amended Complaint (doc. # 14). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The magistrate judge recommended the case be dismissed as barred by the statute of limitations and, alternatively, for failure to state a claim and as frivolous. To overcome the statute of limitations bar, Plaintiff appears to allege TDCJ interfered in his ability to timely file his complaint by interfering in the grievance process. The incident at issue in this case occurred on March 19, 2019. Plaintiff alleges he places his Step 1 and Step 2 grievance in the hands of C/O

III Sheppard on May 2, 2019, who allegedly lost his grievances.[1] Plaintiff states he notified the Office of the Inspector General in Huntsville on August 13, 2019, of this issue but does not indicate what the response was.

While Plaintiff is correct that he must properly exhaust his administrative remedies before filing suit, Plaintiff still does not explain how the alleged interference prevented him from timely filing his complaint.  Plaintiff had until March 21, 2021, to file his complaint which is more than sufficient time to exhaust his administrative remedies. Even if Plaintiff believed TDCJ was interfering in the grievance process, Plaintiff was still free to file the complaint in a timely manner and argue a state impediment to his ability to properly exhaust his administrative remedies. Plaintiff offers no explanation as to why he did not file his complaint shortly after August of 2019, when he filed a complaint with the Inspector General.

As to Plaintiff's argument regarding Defendants Jackson and Collier, Plaintiff attempts to hold them responsible as supervisors. Plaintiff offers no factual allegations to support their personal involvement in the alleged constitutional violations. In his Objections, Plaintiff states, "Defendants Collier and Jackson are responsible for the operation of the Mark W. Stiles Unit and for the welfare of all the inmates in prison.  The lack of staff (security officer's) was the cause for breach of security and safety on March 19, 2019, and officer's present abandoning posts." Objections, pg. 2 (doc. # 13). As outlined by the magistrate judge, "[a] supervisor may only be held liable if '(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."

---

[1] Although not relevant to the ultimate outcome in this case, the court questions how Plaintiff could place both a Step 1 and Step 2 grievance for processing relating to the same incident.

*Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). Plaintiff's allegations of supervisory liability are conclusory. Plaintiff fails to offer sufficient facts as to what specific policy is in question here and how it causally resulted in the alleged constitutional injury.

## ORDER

Accordingly, Plaintiff's Objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the reports of the magistrate judge are **ADOPTED**. A Final Judgment will be entered in accordance with the recommendation of the magistrate judge.

SIGNED at Beaumont, Texas, this 23rd day of January, 2023.

                                              _____
                                                             MARCIA A. CRONE
                                                     UNITED STATES DISTRICT JUDGE